UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRACEY NUTTALL PERSONAL REPRESENTATIVE,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CITY OF MICHIGAN CITY, et al.,<br><br>　　Defendants. | Case No. 2:24-CV-42-GSL-JEM |

## **OPINION AND ORDER**

On February 5, 2024, Plaintiff filed this case as the Personal Representative of the Estate of Olajuan Rahein Nuttall, who is now deceased. [DE 1]. There are two pending Motions to Dismiss: [DE 48], the Motion to Dismiss by the Indiana State Police Officer Defendants, and [DE 52], the Motion to Dismiss by Michigan City Officer Defendants. For the reasons below, both Motions are GRANTED.

## **BACKGROUND**

To resolve the pending Motions to Dismiss, the Court views the facts in the light most favorable to the non-moving party, which here, is the Plaintiff. On February 9, 2022, the Decedent's sister called 911 because someone was kicking the door of her home. [DE 36, Page 5:31]. She also called her brother, the Decedent. [DE 36, Page 6:32]. The Decedent had a history of mental illness, including schizophrenia and bipolar disorder. [DE 36, Page 6:33]. Prior to this incident, Michigan City Police had interacted with the Decedent and were aware of his mental illnesses. [DE 36, Page 6:34-35].

The Decedent arrived at his sister's home before the police. [DE 36, Page 6:36]. When the Michigan City Officers arrived, the Decedent left his sister's home in his car. [DE 36, Page

6:44]. Without speaking to the Decedent's sister, the Michigan City Officers left the scene and began following the Decedent. [DE 36, Page 6:45]. The Decedent became frightened and increased his speed, and in response, the Michigan City Officers engaged in a police chase, which Porter County Officers and Indiana State Police Officers joined. [DE 36, Page 6:46-47]. Eventually, the Michigan City Officers abandoned the chase while the Porter County Officers and the Indiana State Police Officers continued until the Decedent ran into a semi-truck. [DE 36, Page 7:51-52]. The Decedent sustained fatal injuries and died at the scene of the crash. [DE 36, Page 7:53-54].

## **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must be plausible on its face, meaning that the plaintiff pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brockett v. Effingham Cnty.*, 2024 U.S. App. LEXIS 21992, *7-8 (7th Cir. Aug. 29, 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint need not contain detailed factual allegations to meet that standard, but must go beyond mere labels and conclusions, and "be enough to raise a right to relief above the speculative level." *Brockett v. Effingham Cnty.*, 2024 U.S. App. LEXIS 21992, *7-8 (7th Cir. Aug. 29, 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

The Court will begin its analysis with Plaintiff's Fourteenth Amendment claim. When analyzing an officer's actions for violations of the Fourteenth Amendment, the applicable standard is determined by the type of situation the officer was responding to. Turning first to

nonemergency situations, the analysis of whether an "officer's dangerous driving during a non-emergency rise[s] to the level of a substantive due process violation is guided by [the] decisions in *Hill v. Shobe*, 93 F.3d 418 (7th Cir. 1996), and *Flores v. City of South Bend*, 997 F.3d 725 (7th Cir. 2021)." *Lisby v. Henderson*, 74 F.4th 470, 472-473 (7th Cir. 2023). A plaintiff seeking relief for such a claim must plead sufficient facts to establish that the officer acted with "criminal recklessness — which is the same as deliberate indifference." *Lisby*, 74 F.4th 470, 472-473 (citing *Flores*, 997 F.3d at 729 (quoting *Hill*, 93 F.3d at 421)). "It is enough to plead plausibly 'that the defendant had actual knowledge of impending harm which he consciously refused to prevent.'" *Lisby*, 74 F.4th 470, 472-473 (citing *Flores*, 997 F.3d at 729 (quoting *Hill*, 93 F.3d at 421)).

Turning to emergency situations, the Supreme Court has held that a plaintiff must meet a higher standard of fault than deliberate indifference for officer liability in, for example, a prison riot or high-speed car chase. *County of Sacramento v. Lewis*, 523 U.S. 833, 852-853 (1998). Like prison officials facing a riot, the police on an occasion calling for fast action have obligations that tend to tug against each other. *Id.* A police officer deciding whether to give chase must balance on one hand the need to stop a suspect and show that flight from the law is no way to freedom, and, on the other, the high-speed threat to everyone within stopping range, be they suspects, their passengers, other drivers, or bystanders. *Id.* Because of these competing interests, the Supreme Court has held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment[.]" *Id.* at 854.

The distinction between the criminally reckless and intent to harm standards is important because identical behavior considered reasonable in an emergency situation might be found to be

criminally reckless in a non-emergency situation, when state actors have time to fully appreciate the consequences of their actions. *See Lewis*, 523 U.S. 833, 854. Critical to the case at bar, and as the Seventh Circuit's decision in *Steen* demonstrates, our appellate court does not scrutinize an officer's actions down to the second to determine whether a pursuit was the type of emergency in which the intent to harm standard applies. *Moore v. Town of Merrillville*, 2023 U.S. Dist. LEXIS 140322, *14; *see Steen v. Myers*, 486 F.3d 1017 (7th Cir. 2007). Instead, the intent to harm standard is broadly applied whenever a police pursuit occurs at all. *Lewis*, 523 U.S. 833, 854 (1998); *Steen v. Myers*, 486 F.3d 1017 (7th Cir. 2007); *Carter v. Simpson*, 328 F.3d 948, 952 (7th Cir. 2003); *Moore*, 2023 U.S. Dist. LEXIS 140322, *14.

Here, because there was a police pursuit, authoritative precedent requires that the events at issue be analyzed under the intent to harm standard. *Moore*, 2023 U.S. Dist. LEXIS 140322, *14. And, notably, despite the other allegations in the Amended Complaint, the specific factual events giving rise to the Fourteenth Amendment claim are described by Plaintiff as a "car chase."

> a. Willfully initiated a car chase without reason to believe that Mr. Nuttall committed a crime;
> b. Willfully initiated a car chase without reason to believe that Mr. Nuttall committed a felony;
> c. Willfully initiated an emergency response to a non-emergency situation;
> d. Willfully initiated an emergency response when such a response caused an unnecessary risk to persons and property;
> e. Caused the car chase to accelerate to a dangerous rate of speed that was disproportionate in light of the circumstances; and,
> f. Caused the car chase to continue for a length of time that was disproportionate in light of the circumstances.

[DE 36, Page 7]. The intent to harm standard must be applied here. *See Moore*, 2023 U.S. Dist. LEXIS 140322, *14.

Plaintiff has raised no allegations that Defendants intended to physically harm the Decedent or worsen his legal plight. Plaintiff only alleges that the Decedent suffered from mental illness, which the Defendants were allegedly aware of from their previous interactions. [DE 36, Page 6]. This is insufficient to satisfy the pleading requirements of a Fourteenth Amendment claim brought after a high-speed pursuit. *Lewis*, 523 U.S. 833, 853-854; *Steen,* 486 F.3d 1017, 1023. Plaintiff has not adequately pled his Fourteenth Amendment claim, so the claim cannot survive against either of the Motions to Dismiss. And, because the Fourteenth Amendment claim does not survive, neither can Plaintiff's *Monell* claims, which are derivative of the Fourteenth Amendment claim. *See Hostetler v. City of Southport*, 2018 U.S. Dist. LEXIS 49935, *6 (S.D. Ind. Mar. 27, 2018) (citing *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016)) (An underlying constitutional claim "is a necessary element of a *Monell* claim.")

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Michigan City Defendants' Motions to Dismiss, [DE 52]. The Court also GRANTS the Indiana State Police Defendants' Motions to Dismiss, [DE 48].

SO ORDERED.

ENTERED: January 22, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court